# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3482 | **DATE** | 6/20/2012 |
| **CASE TITLE** | McGirr vs. Continental Casualty Co et al | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion to remand [35] and remands this case to the Circuit Court of Cook County, Illinois, County Department, Law Division. All pending dates and deadlines are stricken and all other pending motions are stricken without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On April 19, 2012, Plaintiff Marilou McGirr filed a six-count Second Amended Complaint in the Circuit Court of Cook County, Illinois, County Department, Law Division against her former employer Defendant Continental Casualty Company and individual Defendants Shelly Liapes, Diahanna Foster, Margaret Spradau, and Ryan Kelly alleging defamation, negligent infliction of emotional distress, and tortious interference with prospective economic advantage. On May 7, 2012, the four individual Defendants removed this case pursuant to the civil rights removal statute 28 U.S.C. § 1443(1) arguing that Plaintiff's prosecution of her tortious interference claims against them in state court violates their civil rights as protected by 42 U.S.C. § 1981.[1] Before the Court is Plaintiff's motion to remand. Because the individual Defendants have failed in their burden of establishing that removal is proper pursuant to Section 1443(1), the Court grants Plaintiff's motion and remands this matter to the Circuit Court of Cook County.

|  | Courtroom Deputy Initials: | KF |
|---|---|---|

---

[1] Federal courts disagree on the issue of whether all defendants must consent to Section 1443 removal. *See Brown v. Florida,* 208 F.Supp.2d 1344, 1349 (S.D. Fla. 2002) (collecting cases). Because Section 1443(1) removal is not proper under the circumstances, the Court need not resolve this issue.

## BACKGROUND

In response to Plaintiff's motion to remand, Defendants assert that "the Notice of Removal maintains that Plaintiff retaliated against the individual defendants because they advocated on behalf of an employee of the Indian race. In simple terms, they witnessed discrimination, and as Section 1981 contemplates, they opposed it. Plaintiff, in response, retaliated by suing them on her 'state law' tortious interference claims." (R. 46, Indiv. Defs.' Resp., at 3.) Also, in the individual Defendants' Answers and Counterclaims, each individual Defendant alleges an affirmative defense based on 42 U.S.C. § 1981, as well as a Section 1981 retaliation counterclaim.

## LEGAL STANDARD

"Section 1443(1) provides for removal of any state proceeding in which the defendant 'is denied or cannot enforce ... a right under any law providing for the equal civil rights of citizens of the United States.'" *Indiana v. Haws,* 131 F.3d 1205, 1209 (7th Cir. 1997) (citation omitted). For removal to be proper under 28 U.S.C. § 1443(1), a defendant must show that (1) the right denied arises under federal law providing for specific civil rights stated in terms of racial equality, and (2) the state courts will deny or not enforce those specified federal rights. *See Johnson v. Mississippi,* 421 U.S. 213, 219, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975). "In upholding the constitutionality of the removal statute, the Supreme Court made it clear that that act was merely one legitimate way for Congress to ensure the effectiveness of the substantive provisions of the civil rights laws." *Rachel v. Georgia*, 342 F.2d 336, 342 (5th Cir. 1965) (citing *Strauder v. West Virginia,* 100 U.S. 303, 310-12, 25 L.Ed. 664 (1880)).

In general, the "existence of a federal defense to a claim arising under state law does not permit a party to remove the litigation." *Hickey v. Duffy,* 827 F.2d 234, 239 (7th Cir. 1987) (citations omitted); *see also Federal Deposit Ins. Corp. v. Elefant,* 790 F.2d 661, 667 (7th Cir. 1986) ("the filing of a counterclaim based on federal law, does not make the suit removable"). Nevertheless, "28 U.S.C. § 1443 permits removal on account of some civil rights defenses, [but] the entitlement to remove exists only when the state forum is unable or unwilling to resolve the federal defense." *Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525, 528 (7th Cir. 1988). In other words, proper removal under Section 1443(1) requires "the petitioner [to] show that he cannot enforce the federal right due to some formal expression of state law." *Haws,* 131 F.3d at 1209. On the other hand, "[i]f the state's tribunal is competent to resolve the federal defense, then the litigation must continue in that forum." *Bethune Plaza,* 863 F.3d at 529.

## ANALYSIS

Assuming the individual Defendants have met the first part of the *Johnson* test, namely, that their allegations under Section 1981 arise under a federal law "providing for specific civil rights stated in terms of racial equality," *see Johnson,* 421 U.S. at 219, the Court turns to the second part of the *Johnson* test. Citing *City of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 828, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966), the individual Defendants argue that the very act of bringing a lawsuit against them in Illinois court fulfills the second *Johnson* requirement that they cannot enforce or would be denied their federal rights in state court. Defendants' reliance on *Peacock* is misplaced. As the Supreme Court in *Peacock* articulated, "[u]nder s 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Id*. at 828.

Accordingly, under *Peacock*, the individual Defendants must do more than show that Plaintiff brought a lawsuit against them in state court to establish that removal is proper under Section 1443(1) – they must show that "a statute or authoritative decision announces that claims of the sort asserted are untenable within the state's

judicial system." *Wisconsin v. Glick,* 782 F.2d 670, 672 (7th Cir. 1986); *see also Georgia v. Rachel,* 384 U.S. 780, 803, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) ("denial must be manifest in a formal expression of state law"). To clarify, because "[s]tate courts normally are presumed capable of protecting federal constitutional and statutory rights ... removal is allowed only where a formal expression of state law or an equivalent basis clearly predicts that the federal rights will not be vindicated in the state court." *Wisconsin v. Kavouras,* 945 F.2d 407, 1991 WL 199661, at *1 (7th Cir. 1991) (unpublished); *see also Illinois v. Esang,* No. 11 C 1354, 2011 WL 829385, at *1 (N.D. Ill. Mar. 3, 2011) ("removal under that statute is based on the much more narrow focus of a state court's violation or nonenforcement of a law guaranteeing racial equality").

Here, the individual Defendants have failed in their burden of establishing that removal is proper under Section 1443(1) because they have not established that they cannot enforce or would be denied their civil rights in the Illinois courts as defined by the Supreme Court's decisions in *Johnson*, *Rachel*, and *Peacock*. Put differently, the individual Defendants do not point to any formal expressions of Illinois law prohibiting them from enforcing their civil rights in the Circuit Court of Cook County. The Court therefore grants Plaintiff's motion to remand. *See Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 758-59 (7th Cir. 2009) ("The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court.").